IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DARLENE COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1251-JDT |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under the Social Security Act ("the Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on July 26, 2011.

On January 20, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council denied Plaintiff's request for review, and the decision of the ALJ became the Commissioner's final decision. Plaintiff has filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is REVERSED, and the action is REMANDED for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g) and whether the correct legal standards were applied. Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997). See also Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. Walters v. Commissioner, 127 F.3d 525, 528 (6th Cir.1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Foster v. Halter, 279 F.3d 348, 353 (6th Cir.2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." Faucher v. Secretary, 17 F.3d 171, 175 (6th Cir. 1994).

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Id. at 176 (citations omitted). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was fifty-eight years old on the alleged onset date. R. 29, 99. She has a high school education and previously worked as a forklift operator. R. 133-134. Plaintiff alleges that she became disabled on July 28, 2009, due to diabetes, torn rotator cuff in her left shoulder, high blood pressure and cholesterol, nerve damage in her left elbow, and acid reflux. R. 29, 132. Plaintiff also alleges that she cannot perform her past relevant work because of problems with her left arm and her fingers. R. 30.

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements of the Act through December 31, 2014; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: neuropathy and osteoarthritis; but she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff has the residual functional capacity to perform medium work, lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; stand

and/or walk about six hours during an eight-hour workday; sit about six hours during an eight-hour workday and perform limited (occasional) push/pull operations with the left upper extremity except that Plaintiff is unable to perform reaching in all directions, including overhead and avoidance of concentrated exposure to vibration; (5) Plaintiff is able to perform her past relevant work as a forklift operator; (6) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform her past relevant work as a forklift operator, and, thus, she is not disabled within the meaning of the Act.

Plaintiff argues that the ALJ erred by finding that she can perform her past relevant work. The court finds Plaintiff's argument to be persuasive.

In reaching his decision, the ALJ gave significant weight to the opinion of Frank Newbell. The ALJ described Newbell as a "vocational examiner." However, the Commissioner acknowledges that Newbell was a state agency single decision maker ("SDM") and admits that he "was not a medical source and the Social Security Administration's Programs Operations Manual suggest the ALJ should not have given the SDM-completed forms any weight." Comm'r Br. at p. 7 (citation omitted).

The Commissioner argues that the weight given to Newbell's opinion by the ALJ was harmless error because other evidence in the record supports the ALJ's decision. In light of the fact that the ALJ gave "significant weight" to Newbell's opinion that Plaintiff could perform her past relevant work as a forklift operator, the court cannot find that the ALJ's

5

reliance on his opinion was harmless.  Therefore, this case must be remanded for a determination as to whether Plaintiff can, in fact, perform her past relevant work.

The ALJ failed to fully develop the record, and, therefore, substantial evidence does not support his decision to deny Plaintiff's application for benefits, that decision must be reversed.  Having determined that the decision must be reversed, the court must determine whether it is appropriate to remand this case or to direct the payment of benefits.  Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings.

In summary, the decision of the Commissioner is REVERSED, and the action is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing in order for the ALJ to obtain testimony from a vocational expert as discussed above.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE