IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE COVINGTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1251-JDT |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF FEES
AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

      The Plaintiff, Darlene Covington, filed this action to obtain judicial review of the Defendant Commissioner's determination that she was not disabled. On September 26, 2014, the Court reversed the Commissioner's decision and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g); judgment was entered on October 1, 2014. (ECF Nos. 15 & 16.) Plaintiff has now filed a motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 17.)

      Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances

make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the Court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff qualifies as a prevailing party under the EAJA. Attached to Plaintiff's motion is an email from the office of opposing counsel indicating that the Commissioner does not object to the requested fee award. Thus, the Commissioner does not contend that her position in this case was substantially justified. The Court also concludes that there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award under the EAJA.

Plaintiff's attorney, Charles L. Holliday, has submitted documentation in support of the EAJA motion, consisting of his own Declaration (ECF No. 17-1 at 1-2) and an itemized time statement documenting 13.5 hours of work in this case (*id.* at 4-5). The Court finds this number of hours to be reasonable. Plaintiff has requested an award of fees in the amount of $2,524.77. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an award at the rate of $187.02 per hour. Based on the increase in the cost of living, the Court also finds that Plaintiff's requested hourly rate is reasonable.

Plaintiff further requests an award of costs in the amount of $400 for the filing fee paid in this case. The definition of "fees and expenses" under the EAJA does not include filing fees. *See* 28 U.S.C. § 2412(d)(1)(A). However, fees of the Clerk may be taxed as

costs under 28 U.S.C. § 1920, and the cost statute is expressly incorporated into § 2412(a)(1).[1]

The motion for attorney fees and costs is GRANTED. Plaintiff is awarded attorney fees under the EAJA in the amount of $2,524.77. Plaintiff is also awarded costs in the amount of $400.

The motion for an EAJA award includes Plaintiff's Affidavit, in which she assigned to her attorney her right to receive any EAJA fees. (ECF No. 18.) In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court held that EAJA awards belong to the litigant rather than to the attorney and may be offset to satisfy the litigant's pre-existing debt to the Government. Therefore, if it is verified that Plaintiff owes no pre-existing debt to the United States, the Commissioner should honor the fee assignment and pay the EAJA award directly to counsel. IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." § 2412(a)(1).
While an award of attorney fees under the EAJA is paid by the Social Security Administration, *see* § 2412(d)(4), an award of costs is paid from the Judgment Fund administered by the U.S. Department of the Treasury, *see* 31 U.S.C. § 1304.